2447

Thelma OWENS, Appellant v. William Russell OWENS, Respondent.

(466 S.E. (2d) 373)

Court of Appeals

*Scott D. Robinson, Lowery, Thompson & King,* Anderson, *for appellant.*

*Richard H. Warder,* Greenville, *for respondent.*

Submitted Nov. 6, 1995.

Filed Jan. 22, 1996.

*Per Curiam:*

Thelma Owens (the wife) filed this action for divorce from an alleged common-law marriage. The family court directed a verdict[1] for William Russell Owens (the husband) and dismissed the action, finding a valid common-law marriage did not exist. The wife appeals. We reverse and remand.

The parties began living together shortly after the wife divorced from Mr. Casey Jones in 1984.[2] The wife began using

---

[1] We note that Rule 2(a), SCRFC, specifically excludes Rule 50, SCRCP (directed verdict motions), from family court proceedings. At most, the husband's motion was an involuntary nonsuit motion pursuant to Rule 41(b), SCRCP, a rule not excluded by Rule 2(a), SCRFC. *See Schwartz v. Schwartz,* 311 S.C. 303, 428 S.E. (2d) 748 (Ct. App. 1993).

[2] The parties cohabited for several years prior to the wife's marriage to another man. The period of cohabitation at issue in this case occurred after her divorce.

Owens as her name. Thelma Owens testified they began living together as husband and wife in 1988. The parties formed numerous contracts as husband and wife including, but not limited to, the application for a mobile home license, and purchase of a mobile home, purchase of insurance, and the opening of a checking account. The record further reveals numerous purchases of products and services in the name of Thelma Owens. The wife presented numerous witnesses that testified the parties held themselves out as husband and wife. The wife has severe medical problems and has been receiving social security disability checks since around 1976. Because the wife's only source of income was from her disability checks, she was advised not to file a joint tax return with the husband. Toward the end of the wife's testimony, the trial judge asked her whether she and the husband ever "talked about maybe getting married." The wife responded, "[H]e said if he ever married anybody it would be me. . . . [H]e said that his mother would die and he knowed it if he ever married me, but he said if he ever married anybody it would be me." The family court found the parties lacked a mutual agreement to be married, and granted the husband a directed verdict.

A valid common-law marriage requires that the facts and circumstances show an intention on the part of both parties to enter into a marriage contract, usually evidenced by a public and unequivocal declaration by the parties. *Cathcart v. Cathcart*, 307 S.C. 322, 414 S.E. (2d) 811 (Ct. App. 1992). Assertions of both parties that their relation was one of open concubinage, or admission of nonmarriage by one party, fortified by strong circumstances, *may* suffice to overcome the presumption of their marriage from cohabitation and reputation. Such an admission by the parties does not suffice to overcome the presumption, however, where it is shown that the admission may well have been made with reference to a ceremonial marriage, and not uttered with the idea of negativing broadly the existence of the marital status. *Campbell v. Christian*, 235 S.C. 102, 110 S.E. (2d) 1 (1959). There is a strong presumption in favor of marriage by cohabitation, apparently matrimonial, coupled with social acceptance over a long period of time. *Jeanes v. Jeanes*, 255 S.C. 161, 177 S.E. (2d) 537 (1970). A man and woman living together as husband and wife are generally presumed to be married, provided they

have acquired a general reputation as a married couple. While the presumption of marriage from cohabitation and reputation is ordinarily a rebuttable presumption, the degree of proof to overcome it is generally very high, especially where the parties have cohabitated as husband and wife for a long time. *Id.* The presumption of marriage can be dispelled only by evidence which is "clear, distinct and satisfactory." *Id.*

The law is clear that this court has authority to find ■ facts in accordance with our own view of the preponderance of evidence. *Rutherford v. Rutherford,* 307 S.C. 199, 414 S.E. (2d) 157 (1992).

In the case at hand, it appears the trial judge considered the wife's testimony regarding the parties' discussion on marriage to be an admission of nonmarriage. We find, however, the testimony may well have been made with reference to a *ceremonial* marriage, and not as a denial of the existence of the marital status. Based on our own review of the record, we find the evidence preponderates a finding of the existence of a valid common-law marriage. Accordingly, we reverse the family court's dismissal of the action and remand for consideration of the other issues raised.

Reversed and remanded.

SHAW, CONNOR and HEARN, JJ., concur.