578 S.E.2d 753

**Diane SHANNON, Respondent,**

v.

**George SHANNON, Appellant.**

**George L. Shannon, Appellant,**

v.

**Teresa Diane Shannon, Respondent.**

**No. 3618.**

Court of Appeals of South Carolina.

Heard Feb. 13, 2003.

Decided March 17, 2003.

---

**9.**  *See State v. Riddle,* 278 S.C. 148, 292 S.E.2d 795 (1982).

James W. Corley, of Columbia;  for Appellant.

Carlos W. Gibbons, Jr., of Columbia;  for Respondent.

STILWELL, J.:

In this post-divorce domestic action, George Shannon (Husband) appeals an order of the family court holding him in contempt and denying his plea for termination or modification of his alimony obligation to Diane Shannon (Wife).  We affirm in part, reverse in part, and remand.

## BACKGROUND

The parties were divorced by order of the family court in 1997.  The divorce decree provides, inter alia, that Husband is to pay Wife $400 per month in periodic alimony with all payments to be made through the court.

On February 16, 1999, Wife was reported as a missing person.  Her whereabouts have not been known since that date.  After her disappearance, a conservatorship was established on Wife's behalf.

Husband instituted this action in April of 2001 seeking termination of his alimony obligation to Wife. Alternatively, Husband sought modification of his alimony obligation, retroactive to the date Wife was reported missing.  First Union Bank, in its capacity as Wife's court-appointed conservator, arranged for Wife to have legal representation.  Wife's an-

swer to the complaint denied Husband's entitlement to the relief sought, and contained a counterclaim seeking an award of attorney fees and costs. Additionally, because Husband was in arrears on his alimony payments, the family court issued a rule to show cause why Husband should not be held in contempt for failure to pay alimony.[1]

After a hearing on both actions, the court denied Husband's plea for relief from his alimony support obligation and held him in contempt for failure to pay alimony. The court determined his arrearage was $7,763 as of the date of the order. This appeal followed.

## STANDARD OF REVIEW

■ In appeals from the family court, this court may find facts in accordance with its own view of the preponderance of the evidence. *Rutherford v. Rutherford,* 307 S.C. 199, 204, 414 S.E.2d 157, 160 (1992); *Owens v. Owens,* 320 S.C. 543, 546, 466 S.E.2d 373, 375 (Ct.App.1996).

### DISCUSSION

■ Husband asserts the family court erred in failing to grant him relief from his alimony obligation in light of Wife's continued status as a missing person. We agree.

In denying Husband any relief from his alimony obligation, the family court reasoned that Wife's status as a missing person is not, standing alone, a sufficient basis to terminate or suspend Husband's support obligation. The court further reasoned that in the event Wife reappears, she would be left without a remedy to collect any support obligation owed. We agree with Husband that the family court's reasoning as to this issue is flawed.

■ An award of periodic alimony may be modified pursuant to South Carolina Code Annotated section 20–3–170 (1985). That statute provides:

Whenever [a spouse] . . . has been required to make [to] his or her spouse any periodic payments of alimony and the

---

1. The Rule to Show Cause refers to Husband's failure to pay child support rather than alimony. We determine that to be merely a clerical oversight.

circumstances of the parties or the financial ability of the spouse making the periodic payments shall have changed since the rendition of such judgment, either party may apply to the court which rendered the judgment for an order and judgment decreasing or increasing the amount of such alimony payments or terminating such payments.

In order to justify modification or termination of an alimony award, the changes in circumstances must be substantial or material. *Eubank v. Eubank*, 347 S.C. 367, 372, 555 S.E.2d 413, 416 (Ct.App.2001).

As alleged in the complaint and admitted in the answer, Wife's whereabouts have not been known since on or before February 16, 1999. Additionally, the record contains no evidence Wife is actually receiving or in any way personally benefiting from Husband's alimony payments. The basic purpose of alimony is to substitute for the support which is "normally incident to the marital relationship." *McNaughton v. McNaughton*, 258 S.C. 554, 558, 189 S.E.2d 820, 822 (1972). If these parties were not divorced, Husband would have no obligation to provide financial support for a wife who chose to disappear.

In our view, Wife's sustained disappearance constitutes a substantial change in the parties' circumstances warranting a modification of Husband's alimony obligation. Under the extraordinary circumstances of this case, we are simply unable to conclude that the ends of justice and equity will be served by requiring Husband to continue making alimony payments until such time as Wife either reappears or is declared dead.

We hold the peculiar circumstances of this case warrant a modification amounting to suspension of Husband's alimony obligation retroactive to the date this litigation was commenced. We therefore reverse the family court's order and remand the case for recalculation of Husband's arrearage consistent with this holding.

Additional considerations convince us this result is equitable. Although Husband did not seek modification, termination, or suspension of his alimony obligation on any ground other than Wife's continued status as a missing person, his financial circumstances have changed since the court originally ordered alimony. He lost his job and now earns significantly

less than at the time of the divorce. Additionally, although the court awarded custody of the couple's children to Wife, they were placed in Husband's care before Wife's disappearance, and he has received no child support from Wife or her conservator.

Regarding the family court's concern that Wife, should she reappear, will be without legal means to recover the amount of support that would have been due her if Husband's obligation had not been suspended, we note nothing prevents Wife from petitioning the family court to lift the suspension ordered herein and to revisit the issue of alimony pursuant to the provisions of section 20–3–170. Our holding is not intended to prevent Wife from pursuing such legal recourse should she reappear.

Further, our decision is not intended to disturb the family court's findings as to contempt or any arrearage Husband accumulated prior to the commencement of this action. We are aware of no authority, and Husband cites none, entitling a spouse to cease making court-ordered alimony payments in the absence of a judicial order authorizing such relief.

For the foregoing reasons, the decision of the family court is **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

CURETON and HOWARD, JJ., concur.