THIS OPINION HAS NO PRECEDENTIAL
VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Hope Hix Stillinger,       
 Appellant-Respondent,
 
 
 

v.

 
 
 
 Tommy Mayfield Stillinger,       
 Respondent-Appellant.
 
 
 

Appeal From Orangeburg County
Anne Gue Jones, Family Court Judge

Unpublished Opinion No.
2005-UP-516
Heard June 16, 2005  Filed September 12, 2005

AFFIRMED

 
 
 
 J. Michael Taylor, of Columbia;
 for Appellant-Respondent.
 Charles H. Williams, of
 Orangeburg; Gregory Samuel Forman, of Charleston; for Respondent-Appellant.
 
 
 

PER CURIAM:  Both
parties appeal the family courts order awarding Hope Hix Stillinger (Wife)
alimony and establishing the equitable division of marital property.  We
affirm.
FACTS
Tommy Mayfield Stillinger (Husband)
and Wife were married on April 16, 1984.  At the time of the marriage,
Husband owned a residence, farm, and several businesses.  Wife had
little to no assets and was working as a bank teller.  After their
marriage, the parties continued to operate the convenience store, grocery, and
farm.  Wife went to work in Husbands businesses as a cashier as well as
the bookkeeper.
The parties relocated the grocery
and constructed a new building.  Wife continued to help manage the
grocery.  In 1999, the inside of the store was sold and the parties
retained the land and building, which was then leased for $2,500 per
month.  In addition, Husband signed a covenant not to compete that paid him
$1,100 per month.  The parties continued to operate the convenience store,
which was significantly expanded.  Wife continued to serve as the
bookkeeper for the store.
The reasons for the breakup of the
marriage are in dispute.  Wife accused Husband of being unfaithful after
receiving phone calls from an unknown female caller.  The caller
knew details regarding where Husband was at particular times. 
Additionally, Husband accused Wife of mismanaging the convenience store and of
causing the store to lose money.  Wife began seeing several doctors for
medical problems, as well as a psychologist as a result of the marriage breaking
apart.  According to Wife, Husband was less than supportive and stated he
was planning on getting a divorce.
However, marital litigation
commenced when Wife filed for separate support and maintenance, equitable
division of the property and debt, alimony, and other relief.  After
holding a pendente lite hearing, the court issued a temporary
order, allowing Wife to continue working in the convenience store and to draw
$500 per week for the work.  Wife later amended her complaint to seek a
divorce based upon one years separation.
After a hearing, the court granted
the divorce and divided the marital assets and debt with sixty percent given to
Husband and forty percent to Wife.  The court found no marital misconduct
by either party.  The court awarded Husband the businesses and all the
parties debt as part of the division.  Wife was allocated personal
property and $45,100 in a cash adjustment.  Finally, the court awarded
alimony to Wife in the amount of $500 per month and denied attorneys fees to
both parties. 
The court denied each partys
motion to reconsider.  Wife filed an appeal and Husband cross-appealed.
ISSUES ON APPEAL
Wifes Appeal

 
 Did the family court err in
 identifying, valuing, and apportioning the marital property?
 
 
 Did the family court err in
 awarding Wife only $500 in alimony when she alleges it is insufficient to
 meet her needs?
 
 
 Did the family court err in
 failing to award Wife her attorneys fees?

Husbands Appeal

 
 Did the family court err in
 failing to account for revenue Husband alleges Wife lost in mismanaging the
 convenience store?
 
 
 Did the family court err in
 awarding Wife $500 in alimony?

STANDARD OF REVIEW
In appeals from the family court,
this court may find facts in accordance with its own view of the preponderance
of the evidence. Rutherford v. Rutherford, 307 S.C.
199, 204, 414 S.E.2d 157, 160 (1992); Owens v. Owens, 320 S.C. 543, 546,
466 S.E.2d 373, 375 (Ct. App. 1996).  However, this broad scope of review
does not require us to disregard the family courts findings.  Stevenson
v. Stevenson, 276 S.C. 475, 477, 279 S.E.2d 616, 617 (1981).  Nor must
we ignore the fact that the trial judge, who saw and heard the witnesses, was in
a better position to evaluate their credibility and assign comparative weight to
their testimony.  Cherry v. Thomasson, 276 S.C. 524, 525, 280 S.E.2d
541, 541 (1981); Miles v. Miles, 355 S.C. 511, 516, 586 S.E.2d 136, 139
(Ct. App. 2003).
DISCUSSION
I.      
Equitable Division
Husband argues the family court
should have considered the amount of money Wife allegedly lost or removed from
the convenience store in determining the equitable distribution of the
parties.  In contrast, Wife contends the court erred in its determination
of the marital property and its value.  Additionally, Wife asserts the
court erred in failing to make an even apportionment.[1]  We disagree with both parties and find the
family court properly divided the marital estate.
The apportionment of marital
property is within the discretion of the family court and will not be disturbed
on appeal absent an abuse of discretion.  Morris v. Morris, 295 S.C.
37, 39, 367 S.E.2d 24, 25 (1988).  Section 20-7-472 of the South Carolina
Code provides that the family court must consider fifteen factors and give each
weight as it determines.  S.C. Code Ann. § 20-7-472 (Supp. 2004).
On review, this court looks to the
fairness of the overall apportionment, and if the end result is equitable, the
fact that this court might have weighed specific factors differently than the
family court is irrelevant.  Johnson v. Johnson, 296 S.C. 289,
300-01, 372 S.E.2d 107, 113 (Ct. App. 1988); see Doe v. Doe, 324
S.C. 492, 502, 478 S.E.2d 854, 859 (Ct. App. 1996) (stating the reviewing court
will affirm the family court judges apportionment of marital property if it
can be determined that the judge addressed the relevant factors under section
20-7-472 with sufficiency for the reviewing court to conclude the judge was
cognizant of the statutory factors).
A.     
Husbands Claim
Husband asserts the family court
erred by failing to consider economic misconduct and the contribution of each
spouse in making the equitable distribution.  We disagree.
As stated above, the court is
required to consider the factors found in section 20-7-472 in making its award
of marital property.  Section 20-7-472(2) requires consideration of marital
misconduct or fault of either or both parties, whether or not used as a basis
for a divorce as such, if the misconduct affects or has affected the economic
circumstances of the parties.  S.C. Code Ann. § 20-7-472(2) (Supp.
2004).  According to section 20-7-472(3), the court is also to consider the
contribution of each spouse to the acquisition, preservation, depreciation,
or appreciation in value of the marital property, including the contribution of
the spouse as homemaker; provided, that the court shall consider the quality of
the contribution as well as its factual existence.  S.C. Code Ann. §
20-7-472(3) (Supp. 2004).  Finally, no one factor is dispositive and this
court will affirm if it can be concluded that the court considered the relevant
factors.  Doe, 324 S.C. at 502, 478 S.E.2d at 859.
The convenience store began losing
money in 2000 and the losses continued thereafter.  At trial, Husband
asserted Wife as the bookkeeper and manager of the store was most responsible
for the losses.  However, Wifes expert witness, a CPA, testified
the main reason for the losses was due to the ban on video poker and the
significant debt incurred in the expansion of the store.  She testified
that before 2000, the business would have shown only marginal income if it did
not have the video poker income.  Additionally, the expert testified
that without the video poker income, the store would not be able to cover the
debt incurred in the expansion. 
While the CPA testified the cost of
goods sold went up by five percent, due most likely to employee theft, there is
nothing in the record to indicate the losses were a result of any action taken
by Wife.  The CPA also noted Wife took money out of the business, as did
Husband.  The CPA was not able to find any material amount removed by Wife. 
Additionally, Husband was aware of several additional loans taken out on
behalf of the store in order to cover bounced checks and debts owed.
The court considered the testimony
regarding the misconduct in its order, finding:  Based upon the evidence
presented at trial, there is no way for me to determine exactly how much cash
money [Wife] may have taken from the business.  We find the court
properly considered the actions of Wife and found there was insufficient
evidence from which it could assign an amount of depreciation in value to Wifes
misconduct. 
B.     
Wifes Claim
Wife argues it was error for the
family court to consider the Farm Service Agency debt as marital debt. 
Additionally, Wife contends other debts, such as the debt to Husbands son,
should not be considered as marital debts.  Finally, Wife asserts the court
erred in only awarding her forty percent of the marital property.  We
disagree.
Marital debts are to be considered
in the equitable distribution of marital property.  Marital debt is defined
as debt incurred for the joint benefit of the parties regardless of whether
the parties are legally jointly liable for the debt or whether one party is
legally individually liable.  Hardy v. Hardy, 311 S.C. 433,
436-37, 429 S.E.2d 811, 813 (Ct. App. 1993).  Section 20-7-472 creates a
presumption that a debt of either spouse incurred prior to marital litigation is
a marital debt and must be factored in the totality of equitable apportionment. 
Hardy, 311 S.C. at 436, 429 S.E.2d at 813.  However, debt assumed
after the filing of marital litigation does not have the presumption that it is
marital.  The party seeking to include the debt in the division of marital
property must show it was incurred for the benefit of the parties.  Wooten
v. Wooten, 364 S.C. 532, ___, 615 S.E.2d 98, 105 (2005).
The Farm Service Agency debt was
clearly incurred after the initiation of marital litigation.  Accordingly,
the burden fell on Husband to show it was incurred for the benefit of the
parties.  Husband testified money was taken out of the farm and used to pay
off debts owed by the convenience store.  Additionally, evidence was
presented that Husband, the convenience store, and the farm all shared one main
account post-separation.  Checks from the account were used to pay back
cash taken from the convenience store. 
The family court held the portion of
the Farm Service Agency debt that was attributable to the marital property
should be considered in the equitable distribution.  The court found the
parties used the debt to their benefit by covering payments made out of the farm
account to the convenience store.  Given Husband has shown the debt was
incurred for the benefit of both parties, even though after the instigation of
marital litigation, we find the court did not err in including the debt in its
equitable distribution.
Wifes arguments related to other
improperly considered debts, including the debt to Husbands son, were not
raised in the motion for reconsideration.  Accordingly, they are not
properly before this court for review on appeal.  See Wilder
Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is
axiomatic that an issue cannot be raised for the first time on appeal, but must
have been raised to and ruled upon by the trial judge to be preserved for
appellate review.); Noisette v. Ismail, 304 S.C. 56, 58, 403 S.E.2d
122, 124 (1991) (holding when a trial court does not explicitly rule on an
argument raised, and appellant makes no Rule 59(e) motion to obtain a ruling,
the appellate court may not address the issue).
Based on the foregoing, we find the
family court properly considered all relevant factors in making its
determination of an equitable distribution.  The court correctly included
all marital property, both assets and debts, in its determination.  Husband
brought substantially more into the marriage and was also charged with all of
the marital debt.  As a result, the court awarded him sixty percent of the
marital property, including the income producing property from which he is to
pay the debt.  Furthermore, to the extent Wife challenges the accuracy of
Husbands financial declaration and his valuation of marital assets and debts,
we find any question regarding these amounts turned on credibility, particularly
that of Husband and Wifes expert witness.  Because the court was in a
better position to evaluate their credibility, we defer to the courts
findings.  Based on the foregoing, we hold there was no abuse of discretion
in the division provided by the family court.
II.     
Alimony Award
Both parties assert the family court
erred in awarding Wife $500 in alimony.  Husband contends the amount is too
high, as Wife could provide more for her own support.  He further contends
the court failed to consider Wifes fault in the marital breakup and that
Husbands income will be substantially reduced in the future.  Wife
claims the amount is too low as it fails to provide an adequate amount to
sustain the lifestyle she became accustomed to during the marriage and does not
meet her future needs.  We disagree with both parties and find the family
courts award was proper.
An award of alimony rests within the
sound discretion of the family court and will not be disturbed absent an abuse
of discretion.  Dearybury v. Dearybury, 351 S.C. 278, 282, 569
S.E.2d 367, 369 (2002).  Alimony is a substitute for the support which
is normally incident to the marital relationship.  Johnson v. Johnson,
296 S.C. 289, 300, 372 S.E.2d 107, 113 (Ct. App. 1988).  Generally,
alimony should place the supported spouse, as nearly as is practical, in the
same position he or she enjoyed during the marriage.  Allen v. Allen,
347 S.C. 177, 184, 554 S.E.2d 421, 424 (Ct. App. 2001).  It is the duty
of the family court to make an alimony award that is fit, equitable, and just if
the claim is well founded.  Allen, 347 S.C. at 184, 554 S.E.2d at
424.  The family court may grant alimony in an amount and for a term as the
court considers appropriate under the circumstances.  S.C. Code Ann. §
20-3-130(A) (Supp. 2004); see Smith v. Smith, 327 S.C. 448, 462,
486 S.E.2d 516, 523 (Ct. App. 1997) (South Carolina law provides that the
family court judge may grant alimony in such amounts and for such term as the
judge considers appropriate under the circumstances.).  However, alimony
should not serve as a disincentive for spouses to improve their employment
potential or to dissuade them from providing, to the extent possible, for their
own support.  Williamson v. Williamson, 311 S.C. 47, 49, 426 S.E.2d
758, 760 (1993).
Factors to be considered in making
an alimony award include:  (1) duration of the marriage; (2) physical and
emotional health of the parties; (3) educational background of the parties; (4)
employment history and earning potential of the parties; (5) standard of living
established during the marriage; (6) current and reasonably anticipated earnings
of the parties; (7) current and reasonably anticipated expenses of the parties;
(8) marital and nonmarital properties of the parties; (9) custody of children;
(10) marital misconduct or fault; (11) tax consequences; (12) prior support
obligations; as well as (13) other factors the court considers relevant. 
S.C. Code Ann. § 20-3-130(C) (Supp. 2004).  The court is required to
consider all relevant factors in determining alimony.  Epperly v.
Epperly, 312 S.C. 411, 415, 440 S.E.2d 884, 886 (1994).  No one factor
is dispositive.  Lide v. Lide, 277 S.C. 155, 157, 283 S.E.2d 832,
833 (1981).
A.     
Husbands Claim
In analyzing Husbands claim, we
note the family court stated it considered all relevant statutory factors. 
The court concluded Wife had the ability to provide some support for herself,
and it recognized she removed money from the convenience store for her personal
use.  Accordingly, it appears the court considered all the issues raised by
Husband in making its award of alimony to Wife. 
B.     
Wifes Claim
Wife maintains the court did not
adequately consider her health concerns and her prior standard of living in
awarding her only $500 per month in alimony.  The court expressly stated it
considered the factors in section 20-3-130.  The court found while Wife was
earning $26,000 to $31,000 a year working at the convenience store, she would
not be able to earn that in the market.  However, the court found she
retained marketable skills for which she could be employed.  The court then
determined the appropriate amount of income to impute was $20,000 to $21,000,
which we find Wife should be able to maintain.
Additionally, the court explicitly
considered her medical and psychological needs when determining the award of
alimony.  The court found:  An alimony award will assist [Wife]
with health insurance costs and health related expenses . . . . While [Wifes]
emotional and physical diagnosis do not prevent her from working, she does incur
health related expenses in these areas. 
The record supports the courts
findings regarding Wifes health.  Wife was able to work in the parties
convenience store while Dr. Boland and Dr. Hamilton treated her for physical and
emotional issues.  She presented testimony of her hypertension, as well as
the psychological issues she faces.  Both treating doctors testified she
would need further care and treatment.  However, Wife testified she
is able to work and has pursued employment.   Accordingly, we
find the court properly considered her health and ability to work in making its
determination of alimony.
Finally, the court properly
considered the parties standard of living.  The court found the parties
had a comfortable standard of living, especially prior to the loss of the video
poker revenue in the convenience store.  The court ruled:  I find
[Wifes] current and reasonably anticipated expenses as shown on her financial
declaration are high.  A large part of [Wifes] expenses are applied to
installment payments on debts [Wife] shows as living expenses.  The
court continued by finding:  [Wifes] expenses as shown on her
financial declaration would support a higher standard of living than I find that
the parties enjoyed prior to their separation. 
We find the family court properly
considered Wifes standard of living prior to the separation in making its
determination that $500 per month was sufficient alimony.  The court
awarded Wife forty percent of the marital property, including a large amount of
cash with which she can eliminate any remaining debt she may have
incurred.  With the equitable distribution, the alimony, and her likely
income from employment, Wife should be able to maintain a standard of living
similar to that during the marriage.  Accordingly, we find the family court
did not err in awarding Wife $500 per month in alimony.
III.    Attorneys
Fees
Wife contends the family court erred
in failing to award her attorneys fees.  She maintains the court
improperly balanced the requisite factors and found she could pay her own
fees.  We disagree and find the court did not abuse its discretion in
refusing to award attorneys fees.
Pursuant to section 20-3-130(H) of
the South Carolina Code, the family court may order one party to pay a
reasonable amount to the other for attorneys fees and costs incurred in
maintaining an action for divorce.  S.C. Code Ann. § 20-3-130(H) (Supp.
2004); Smith v. Smith, 327 S.C. 448, 464, 486 S.E.2d 516, 524 (Ct. App.
1997).  An award of attorneys fees will not be overturned absent an
abuse of discretion.  Stevenson v. Stevenson, 295 S.C. 412, 415, 368
S.E.2d 901, 903 (1988).  In deciding whether to award attorneys fees,
the family court should consider the parties ability to pay their own fee,
the beneficial results obtained by counsel, the respective financial conditions
of the parties, and the effect of the fee on each partys standard of
living.  E.D.M. v. T.A.M., 307 S.C. 471, 476-77, 415 S.E.2d 812, 816
(1992).  
We find the financial conditions of
the parties are similar and the impact of the fees would be nearly the same on
each.  As the court found, Wife was granted a significant cash adjustment
as well as alimony from which she could make her attorneys fee
payments.  She has no debt from the marriage other than what she incurred
since the separation.  Given our conclusions above, we find the awards to
each party were equally beneficial.  The court properly considered the
factors in making its decision regarding attorneys fees.  Accordingly,
we conclude the court did not abuse its discretion in denying Wife attorneys
fees.
CONCLUSION
We find the family court properly
determined, valued, and apportioned the marital property.  Additionally, we
conclude the court did not commit an abuse of discretion in setting the amount
of alimony awarded.  Finally, we find the court did not err in declining to
award Wife attorneys fees.  Accordingly, the decision of the family
court is
AFFIRMED.
HEARN, C.J., BEATTY and SHORT, JJ.,
concur.

[1]  Although we note Wife raises as a separate issue that the
family court erred in its findings of fact, we have implicitly incorporated our
analysis of this issue into our discussion of Wifes remaining three
issues.