20124

Willie B. NELSON, Respondent, v. Harvey BRYANT, Appellant.
(220 S. E. (2d) 647)

*Thomas A. Babb, Esq.,* of Laurens, *for Appellant,* cites:

*Messrs. Culbertson & Whitesides,* of Laurens, *for Respondent,* cite:

December 8, 1975.

LEWIS, Chief Justice:

This action involves a controversy between appellant and respondent, relatives by marriage, over the ownership of an automobile given away at the Laurens County Fair.

The Laurens County Fair Association has been operated by the Exchange Club of Laurens for approximately twenty-five (25) years. Members of the Exchange Club are also members of the Laurens County Fair Association, both organizations being eleemosynary corporations. No member of these organizations derives any personal profit therefrom.

Each year, since the commencement of the operation of the Laurens County Fair by the Exchange Club, an automobile has been given away by the Fair Association to the holder of the lucky ticket, as a form of advertising to attract attendance. Each ticket, purchased for admission to the Fair grounds, has a stub which was placed in a container by the purchaser who retained the other portion. On Friday night, a stub was withdrawn from the container at a public drawing and the winning number announced. The owner of the ticket did not have to be present, but it was necessary for the winning ticket to be presented within a short time by someone present on the grounds.

Appellant, a resident of California, is a nephew of respondent's wife and was visiting relatives in Laurens County at the time of the Fair in 1974. Appellant and respondent went to the Fair together on the night of October 18, 1974 and were present at the drawing of the automobile, respondent holding four (4) tickets and appellant one. Respondent held the winning ticket and, according to the stipulated facts, became very excited when his number was called as the winner. At that time, appellant took the winning ticket from respondent's hand, pushed through the crowd to the platform and presented it. He thereafter took title to the car in his name and respondent immediately brought this action

for damages and attached the automobile. The trial of the case resulted in a verdict in respondent's favor for both actual and punitive damages and this appeal followed.

Appellant contends that the trial judge should have granted his motion for a directed verdict upon the ground that the drawing for the automobile constituted a lottery and the court, under settled principles, should not aid those participating in an illegal enterprise.

Respondent says, however, that, assuming the drawing for the automobile to be a lottery, he is entitled to recover because the present action is based upon an independent transaction between the parties, which is enforceable even though it be with respect to the proceeds of an illegal transaction.

It is well settled that the courts will not aid in an action to enforce an illegal transaction; however, the principle is recognized that, if there is an independent contract, not forbidden by law, on which the action is brought, the independent contract is enforceable even though it be with respect to the proceeds of an illegal transaction. *Rountree v. Ingle,* 94 S. C. 231, 77 S. E. 931; *Owen v. Davis,* 1 Bailey 315.

Since we conclude that the present action involved a transaction separate and independent of the drawing for the automobile, it is unnecessary for us to determine whether the drawing constitutes a lottery, as contended by appellant.

The testimony as to the nature and details of the transaction between the parties is in dispute. It is agreed, however, that there was some discussion concerning the disposition to be made of the automobile in the event it was won by respondent.

Appellant testified that respondent's wife agreed that, if she and respondent won the automobile, appellant could take it and buy a used one for respondent. Respondent's wife

testified, however, that in the prior conversation, she had stated that, if respondent won the automobile, they would sell it and get an old car in order to use the money to pay some debts; but if respondent won and appellant wanted it, they would sell the car to appellant for full value. Under either version of the testimony, it is inferable that, when appellant took the ticket from respondent and presented it to the officials of the Fair, he was acting for respondent and took title to the automobile under a trust relationship.

It is inferable from the testimony that this action was based upon a separate transaction from that involving the drawing for the automobile. It is undisputed that respondent held the winning ticket and, but for appellant's action, would have received title to the automobile from the Fair Association. Appellant's claim is not based upon any right to receive the automobile from the Fair Association, but solely upon the alleged agreement with respondent that, if respondent won the car, he would transfer it to appellant under certain conditions. When appellant took title to the automobile under the present circumstances, he held it as an agent or trustee for respondent; and appellant's right to acquire title depended upon establishing the alleged agreement with respondent, which, under the jury's verdict, he failed to do.

The case of *Rountree, supra,* relied upon by appellant involved different facts and is not controlling here. The rights of the parties in that case rested solely upon their respective claims to ownership of the lottery ticket, which the court refused to enforce. Significantly, the court pointed out that "there was no independent contract between the plaintiff and the defendant that the plaintiff should have the range, or that the defendant would accept it or hold it for him as his agent."

The case of *Owen v. Davis, supra,* 1 Bailey 315, is very similar to the present one. There plaintiff and defendant won in a card game and the loser gave his note to the defendant

for the amount. Subsequently, defendant collected the note and plaintiff sued for his share. The court permitted recovery, holding that the action did not depend on any right to collect a gambling debt or to enforce a gambling contract. The court concluded that the contract of defendant to hold the note and proceeds for himself and plaintiff was an entirely separate transaction, and that the loser having chosen to pay the debt, defendant was bound to pay plaintiff his share. In doing so, the court applied the rule that where there is a legal obligation in favor of plaintiff against the defendant, separate from the alleged illegal transaction and requiring no aid from it, the independent obligation is enforceable, even though the transaction or obligation is with respect to the proceeds of the illegal transaction.

Since there was testimony that the transaction involved in this action was independent of the alleged lottery, the trial judge properly denied appellant's motion for a directed verdict.

The judgment is accordingly affirmed.

LITTLEJOHN, NESS and GREGORY, JJ., concur.

RHODES, J., not participating.