21457

Billy E. GRAHAM, Appellant, v. H. Roger GRAHAM, Kaiser Agricultural Chemicals, John L. Brown, etc., Custom Farm Service, Inc., The Peoples Bank of South Carolina, American Oil Company, Thompson Hayward Chemical Company, Frank Farm Equipment, etc., Columbia Nitrogen Corporation, Pee Dee Nitrogen Corporation, Pee Dee State Bank, I. W. Brunson, and K. G. Smith Company, Inc., Respondents.

(278 S. E. (2d) 346)

*John P. Gardner,* of *Gardner & Gardner,* Darlington, *for appellant.*

*John W. Chappell,* of *Nash, Chappell & Wilson,* Sumter, *for respondents.*

May 21, 1981.

GREGORY, Justice:

This is a mortgage foreclosure action instituted by appellant Billy E. Graham. Respondent H. Roger Graham, the property owner, answered the complaint and counterclaimed for breach of a separate but related agreement. Appellant demurred to the counterclaim asserting the alleged agreement was illegal and thus unenforceable. The trial judge overruled the demurrer and this appeal followed. We affirm.

Respondent's counterclaim avers the Grahams entered an agreement whereby they would discourage all prospective purchasers from bidding at a foreclosure sale of some 700 acres of respondent's property, so that appellant could prevail as high bidder at a deflated price. This scheme was purportedly instigated to avoid the "total loss of [respondent's] properties."

Respondent further alleges in the counterclaim that, following appellant's successful acquisition of the property at the chilled foreclosure sale, it was agreed respondent would arrange sales of certain portions of the 700 acre tract. With the proceeds of these sales respondent would reimburse appellant for purchasing the tract and satisfy other liens against the property. It is this subsequent agreement to allow respondent to sell portions of the tract which respondent contends was breached: appellant refused to go through with the sales.

The basis for appellant's demurrer to the counterclaim was that the contract pled is illegal on the face of the pleading, and therefore unenforceable.

A scheme to stifle competition at a judicial sale in this state is unlawful and against public policy. *Hughes v. Wilburn,* 156 S. C. 443, 153 S. E. 487 (1930); see also 47 Am. Jur. (2d) *Judicial Sales,* § 146 at p. 412. It follows such an agreement is unenforceable by

the courts. *Grant v. Butt,* 198 S. C. 298, 17 S. E. (2d) 689 (1941).

But, taking the allegations of the counterclaim at their word, as we must in passing on a demurrer, *Turner v. ABC Jalousie Company,* 251 S. C. 92, 160 S. E. (2d) 528 (1968), the unlawful scheme to chill the sale was consummated. It was the subsequent agreement to sell portions of the tract which appellant purportedly breached. This second agreement is a separate, valid and enforceable contract as alleged in the counterclaim, despite the invalidity of the prior scheme to stifle competition at the sale. We recently held in *Nelson v. Bryant,* 265 S. C. 558, 220 S. E. (2d) 647 (1975), that

"It is well settled that the courts will not aid in an action to enforce an illegal transaction; however, the principle is recognized that, if there is an independent contract, not forbidden by law, on which the action is brought, the independent contract is enforceable even though it be with respect to the proceeds of an illegal transaction." 265 S. C. at 561, 220 S. E. (2d) 647.

Such is the case at bar. Here, as in *Nelson,* an illegal activity and a separate agreement to dispose of the proceeds of that enterprise are involved. The trial judge was correct in overruling the demurrer because the ground of illegality advanced by appellant was unavailable to the valid, separate agreement allegedly breached. The order is affirmed.

Affirmed.

LEWIS, C. J., and LITTLEJOHN and NESS, JJ., concur.

HARWELL, J., not participating.