## 21517

W. P. CHERRY, Jr., Respondent, v. Broadus L. THOMASSON, Appellant.

(280 S. E. (2d) 541)

*T. Hugh Simrill* of Simrill & Fewster and *David A. White* of Roddey, Carpenter & White, Rock Hill, *for appellant.*

*John C. Hayes* of Hayes, Brunson & Gatlin, Rock Hill, *for respondent.*

July 9, 1981.

HARWELL, Justice:

Broadus L. Thomasson appeals the decision of the trial judge which makes him accountable to his partner, respondent, W. P. Cherry, Jr., for partnership losses and for certain benefits he received out of the partnership. We affirm but modify as to one item of account.

This action was one in equity tried by the judge without a reference. We will accordingly find facts as we determine them to exist by a preponderance of the evidence. *Brown v. State Farm Mutual Insurance Company*, S. C., 269 S. E. (2d) 769 (1980). This does not require us to disregard the findings below nor ignore the better vantage point the trial judge occupies in determining witness credibility. The burden is upon the appellant to convince this Court that the trial judge erred in his findings of fact. *DuBose v. DuBose*, 259

S. C. 418, 192 S. E. (2d) 329 (1972); *Lee v. Lee*, 237 S. C. 532, 118 S. E. (2d) 171 (1961).

In 1970, Cherry and Thomasson were engaged in various construction projects in York County when they agreed to apply as a partnership for a Federal Housing Authority guarantee of a loan for construction of a large apartment complex. This "Cherry Grove Apartments" project was approved by the FHA and was to be owned by Cherry Grove Apartments, a partnership of Cherry and Thomasson. The partners, however, sold a 56% interest in the partnership to outside investors for $64,000. Cherry and Thomasson received $28,000; $36,000 was withheld pending satisfactory completion of the project.

Cherry and Thomasson formally entered into a partnership known as Cherry-Thomasson whose stated purpose was to construct and manage Cherry Grove Apartments. A contract was then entered between Cherry-Thomasson and Cherry Grove Apartments which made Cherry-Thomasson general contractor for the apartment project. Cherry and Thomasson thus became equally liable, absent agreement to the contrary, for completion of the project.

The project was completed at a cost which was some $66,000 above the monies available. Cherry, as the actual builder, had posted $90,000 performance bond on the project and so took the initiative in covering the partnership loss. Of the $66,000 loss, $36,000 was covered by the limited partnership monies held in escrow. Cherry raised the additional monies. The trial judge ordered Thomasson to reimburse Cherry for $15,000, on half of the monies raised.

Thomasson contends that shortly after construction on the project began, a meeting among Cherry, the Cherry Grove Apartments accountant and himself took place and it was agreed that he would be relieved of all liability for the project's completion, including contribution towards any losses.

Having thoroughly reviewed the record, we conclude that Thomasson has failed to prove this allegation by a preponderance of the evidence and is therefore liable for one half of the unsecured loss as ordered by the trial judge. It appears that the partners continued to discharge partnership responsibilities subsequent to the meeting. Cherry denied that he understood that he was to be solely liable for partnership losses. No one present at the meeting came forward at trial to corroborate Thomasson's allegations. We find that Thomasson continued to remain subject to his partnership responsibilities and any partnership liabilities.

The trial judge also found that both parties received some benefit from partnership expenditures for other projects. The final result from this aspect of the accounting was that Thomasson was ordered to repay Cherry $5,436.23 for benefits received.

Thomasson argues that Cherry is entitled to no relief at equity since he allegedly has come into court with unclean hands. It appears that Cherry, early into the construction project, was led to believe that he had over-estimated his costs but that the FHA had approved his full estimate. The partners therefore apparently schemed to charge work on other projects to the Cherry Grove job, thereby realizing the benefit of the approved monies. As circumstances developed, the Cherry Grove project cost much more than estimated.

We nonetheless do find Thomasson's equitable defense applicable under these facts. Cherry seeks an accounting pursuant to his partnership agreement. Equity will allow a party to recover on an enforceable, legal contract as long as the right to be vindicated arises under that contract and not under an independent illegal agreement. *Tate v. Pegues,* 28 S. C. 463, 6 S. E. 298 (1888) ; *Saunders v. A. C. Phelps Co.,* 53 S. C. 173, 31 S. E. 54 (1898) ; *Rountree v. Ingle,* 94 S. C. 231, 77 S. E. 931 (1913) ; *Nelson v. Bryant,* 265 S. C. 558, 220 S. E. (2d) 647 (1975) ; *Graham*

*v. Graham,* S. C., 278 S. E. (2d) 345 (1981). Cherry's hands are clean vis-a-vis the partnership agreement.

We find that the trial judge overlooked one item in his order. It appears that Cherry charged $1,572.98 for insulating work at Beaty Apartments to the Cherry Grove project. Thomasson had no interest in Beaty Apartments. Thomasson therefore must be credited for this amount.

We have carefully reviewed appellant's remaining assignments of error but find them to be without merit; we affirm the trial judge on these points pursuant to our Rule 23.

The order of the trial court is modified and affirmed. Cherry's total recovery is $18,863.25 plus costs.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.