558 S.E.2d 926

**William W. McCUEN, Respondent,**

v.

**Gina Eidson McCUEN, Appellant.**

No. 3434.

Court of Appeals of South Carolina.

Heard Dec. 4, 2001.

Decided Jan. 14, 2002.

Tom G. Woodruff, of Aiken, for appellant.
Timothy S. Mirshak, of Augusta, for respondent.

SHULER, J.

Gina Eidson McCuen (the wife) appeals from the family court's refusal to appoint a guardian ad litem to represent her interests in this divorce action. We affirm.

The wife and William W. McCuen (the husband) were married in 1985 and separated in 1995. They have two children, both of whom are minors.

The husband commenced this action against the wife in June of 1997 seeking a divorce on the ground of one year's continuous separation. The wife's attorney filed an entry of appearance and an answer and counterclaim seeking a divorce based on desertion, alimony, custody of the parties' children, and child support.[1] In August of 1998, the husband amended his complaint to include a plea for child custody and support.

At a temporary hearing held on October 27, 1998, the wife was present and represented by counsel. As a result of this hearing, the family court appointed a guardian ad litem for the two minor children and granted temporary custody to the paternal grandmother.

On March 29, 1999, the wife was incarcerated in Georgia on shoplifting charges. The family court scheduled a final hearing on the merits of this action for August 3, 1999. On the date of the hearing, the wife's attorney orally moved for appointment of a guardian ad litem to represent the wife's interests in the proceedings. The wife's attorney also moved for a continuance. The family court denied both motions and proceeded with the hearing. By order dated October 13, 1999, the family court awarded the husband a divorce on the ground of one year's continuous separation and custody of the children. The court held the issues of child support, visitation, alimony, and any remaining financial issues in abeyance pending the wife's release from incarceration and further hearing by the court. The wife's post-trial motion for reconsideration was denied. This appeal followed.

## Standard of Review

In appeals from the family court, this court has the authority to correct errors of law and find facts in accordance

---

1. At the time of filing, the wife had care and custody of the parties' children and the husband was paying $150 per week in child support.

with its own view of the preponderance of the evidence. *Henggeler v. Hanson*, 333 S.C. 598, 510 S.E.2d 722 (Ct.App. 1998). This broad scope of review does not, however, require this court to disregard the findings of the family court. *Stevenson v. Stevenson*, 276 S.C. 475, 279 S.E.2d 616 (1981). Neither are we required to ignore the fact that the trial judge, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony. *Cherry v. Thomasson*, 276 S.C. 524, 280 S.E.2d 541 (1981).

## Discussion

■ The wife asserts the family court erred in failing to appoint a guardian ad litem to represent her interests in the divorce and child custody proceeding. We disagree.

Rule 17 (c), SCRCP provides, in pertinent part, as follows: A person imprisoned outside this State shall appear by guardian ad litem in an action by or against him; but if imprisoned in this State, and not a minor or incompetent, the court may, in its discretion appoint a guardian ad litem or order him to be brought personally to the trial to testify in accordance with Rule 43(a).

■ While the language of Rule 17(c) does not expressly so provide, it is clear from applicable case law that the right to appearance by guardian ad litem is not absolute. Our Supreme Court has noted:

Unlike an infant or insane person, a prison inmate is not legally incompetent to transact business. The basis for the appointment of a guardian ad litem for a prison inmate is not mental deficiency, but the physical restraint of imprisonment. Since this is true, an inmate may waive the appointment of a guardian ad litem. *Green v. Boney*, 233 S.C. 49, 103 S.E.2d 732; *Cobb v. Garlington*, 100 S.C. 51, 84 S.E. 302.

*In the Matter of Bishop*, 272 S.C. 306, 309, 251 S.E.2d 748, 750 (1979).

■ Because the right to the appointment of a guardian ad litem in such cases can be waived, our inquiry is not limited, as suggested by the wife, to whether or not a guardian was appointed to represent her in these proceedings; rather, our inquiry extends to whether there was a waiver in this case.

Despite being incarcerated in another state, the wife was represented by counsel at all stages of these proceedings. Notably, the wife appeared through her counsel prior to the final hearing and while she was incarcerated, but failed to move the court for appointment of a guardian ad litem until the day of the final hearing. *See Gossett v. Gilliam*, 317 S.C. 82, 452 S.E.2d 6 (Ct.App.1994) (where a prisoner is represented by competent counsel, the appointment of a guardian ad litem would be superfluous); *Green v. Boney*, 233 S.C. 49, 103 S.E.2d 732 (1958) (prisoner represented by counsel waived his right to a guardian ad litem under former § 10–232 and § 10–237 where he entered answer and counterclaim without mentioning the appointment of a guardian); *Cobb v. Garlington*, 100 S.C. 51, 84 S.E. 302 (1915) (an incarcerated defendant waived his right to the appointment of a guardian ad litem where counsel of his own choosing appeared for him).

Moreover, the wife had been imprisoned for over four months at the time the case was called to trial, but failed to move for appointment of a guardian until immediately before trial was to begin. *See Green*, 233 S.C. at 66, 103 S.E.2d at 741 (holding defendant in a civil action waived any right to appointment of guardian ad litem where defendant had been sentenced to term of imprisonment and was in custody of sheriff at the time summons and complaint was served and defendant had ample opportunity to apply for appointment of guardian ad litem, but instead filed an answer and counterclaim and raised no question about guardian ad litem until eve of trial).

The wife argues that a dual standard exists under the current Rule 17(c), SCRCP. Under this dual standard, if a party is imprisoned *within the state* the appointment of a guardian ad litem is discretionary. If the party is imprisoned *outside of the state* the appointment of a guardian ad litem is required. The wife further argues that because of this dual standard, the South Carolina cases finding a prisoner may waive his right to a guardian ad litem do not apply to the present situation because the cases involve parties imprisoned within the state.

At the time the *Green* case was decided, section 10–232 of the 1952 South Carolina Code was in effect. Section 10–232

provided "a person imprisoned *shall* appear by guardian ad litem in any action by or against him." S.C.Code § 10–232 (1952) (emphasis added). Section 10–232 did not distinguish between parties imprisoned within the state and outside of the state. The *Green* court found that the prisoner had waived his right to a guardian ad litem even though section 10–232 provided that a prisoner *shall* appear by guardian ad litem. Rule 17 does distinguish between parties imprisoned within the state and outside of the state. The rule provides that a person imprisoned outside of the state "*shall* appear by guardian ad litem in an action by or against him" but if imprisoned within the state "the court may, in its *discretion,* appoint a guardian ad litem...." Rule 17(c), SCRCP. Nevertheless, the *Green* decision indicates that the use of the word "shall" does not signify that a prisoner's right to a guardian ad litem cannot be waived.

We think it clear that under the facts and circumstances attendant to this case, the wife waived any right she may have had to the appointment of a guardian ad litem.

Accordingly, the decision of the family court is

**AFFIRMED.**

CURETON and STILWELL, JJ., concur.