THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Tammy Matthews Kay, Respondent,
 
 
 

v.

 
 
 
 Ben Franklin Kay, Appellant.
 
 
 

Appeal From York County
 Robert E. Guess, Family Court Judge

Unpublished Opinion No. 2006-UP-076
Heard February 6, 2006 -  Filed February 9, 2006

AFFIRMED

 
 
 
 Stephen D. Schusterman, of Rock Hill, for Appellant.
 Michael Benjamin Smith and Thomas F. McDow, for Respondent.
 
 
 

PER CURIAM: In this appeal from a final divorce order, Ben Franklin Kay (Husband) argues the family court erred in (1) determining Husband was capable of representing himself and (2) awarding Tammy Matthews Kaye (Wife) a special equity interest in property the parties purchased during the course of their marriage.  We affirm.
FACTS
Husband and Wife married on June 21, 1980, and separated on September 6, 2001.  Wife sought a divorce on the grounds of adultery and one year continuous separation. 
When Wife initiated this action, Husband retained counsel.  However, his counsel was relieved on May 27, 2004 on the grounds that Husband failed to communicate with her after requests, thereby rendering representation unreasonably difficult.  In the order relieving Husbands counsel, the family court scheduled a final hearing for June 17, 2004, and specifically found that Husbands failure to obtain counsel shall not be a reason for a continuance of the final hearing.  
The final hearing was not actually held until October 5, 2004, and at the hearing, Husband appeared pro se.  The family court asked Husband if he planned to hire an attorney, and Husband explained that he could not afford one.  After ascertaining that Husband was forty-four years old, had a ninth grade education, and worked most of his adult life, the family court found Husband was capable of representing himself.  
Wife testified that during the marriage, she inherited a house from her aunt.  Wife sold this house and used the $25,000 in proceeds to purchase property at 1955 Pfaff Drive, which the parties used for rental income.[1]  Wife also presented testimony regarding Husbands adultery and the special needs of the parties younger daughter.
After Wife presented her case, the family court explained to Husband that he too could call witnesses.  Husband declined to do so.
The family court granted the divorce on the ground of one year continuous separation, though it noted that Wife proved Husband committed adultery, and ordered Husband to pay child support for the parties younger daughter. The court also divided the marital property equally between the parties, and granted Wife a $25,000 special equity interest in the 1955 Pfaff Drive property.  This appeal followed.
STANDARD OF REVIEW
When considering an appeal from an order of the family court, our court may find facts in accordance with our own view of the preponderance of the evidence.  Rutherford v. Rutherford, 307 S.C. 199, 204, 414 S.E.2d 157, 160 (1992).  Despite this broad scope of review, however, we recognize  that the family court judge saw and heard the witnesses and was therefore in a better position to evaluate their credibility and assign weight to their testimony.  Cherry v. Thomasson, 276 S.C. 524, 525, 280 S.E.2d 541, 541 (1981).
LAW/ANALYSIS
Husband first argues he was denied due process because the trial court erred in determining Husband was capable of representing himself.  We find this issue is not preserved for our review as Husband never lodged an objection to appearing pro se.  See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.).
Husband next argues the trial court erred in granting Wife a special equity interest in the 1955 Pfaff Drive property.  We disagree.
At trial, Wife testified that her aunt had houses in Charlotte, and before her aunt died, she sat down with Wife and Wifes sister, Debra, and said: The will is made out to where [the houses] go to Debra, but Debra, I want you to give [Wife] her half.  Wife testified that Debra followed through with their aunts wishes, and after Debra inherited the houses, she gifted one to Wife.  Wife then sold the house, made $25,000, and used the money to buy the 1955 Pfaff Drive property.  
Husband did not present any testimony at the hearing,[2] and for the first time on appeal, he claims the parties purchased the property in Charlotte from Debra.  Because the only evidence in the record indicates Wife used proceeds from property she inherited to purchase the 1955 Pfaff Drive property, we find no error in the family courts decision to award Wife a special equity interest in that property.  Rutherford v. Rutherford, 307 S.C. 199, 204, 414 S.E.2d 157, 160 (1992) (explaining that the appellate courts consider the preponderance of the evidence when reviewing family court orders); see also Hough v. Hough, 312 S.C. 344, 347, 440 S.E.2d 387, 387 (Ct. App. 1994) (finding that husband could not complain on appeal about the valuation of the couples household goods when he presented no evidence regarding their valuation to the family court).
Accordingly, the order of the family court is
AFFIRMED.
HEARN, C.J., and ANDERSON and KITTREDGE, JJ., concur.

[1] The parties marital home was also located on Pfaff Drive.
[2] When the trial court announced that it was awarding a special equity interest to Wife, Husband did not request the right to re-open the testimony; rather, Husband only stated his intention to appeal the ruling.