THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Charleston County Department of Social Services,
Respondent,
v.
Mother, Father, and Child, a child, born November 26, 1996,
Defendants,
Of Whom Mother and Father are the Appellants.
 
 
 

Appeal From Charleston County
Paul W. Garfinkel, Family Court Judge

Unpublished Opinion No. 2006-UP-178
Submitted March 1, 2006  Filed March 31, 2006

AFFIRMED

 
 
 
Ilonka Sonja Taylor,  of Charleston, for Mother.
Frank R. Warder, Jr., for Father.
Frampton  Durban, Jr., of N. Charleston, for Respondent.
Margaret M. Urbanic, for Guardian Ad Litem.
 
 
 

PER CURIAM.:  This is an action for termination of the parental rights of the mother and the father to their biological child, a son born on November 26, 1996.  Both parents appeal.  We affirm.[1]
The Department of Social Services (DSS) instituted a protective services action on January 18, 2000, following allegations of sexual abuse by the father.  The family court placed the child in emergency protective custody on March 3, 2000, and, after hearing a removal action, prescribed a treatment plan for both the mother and the father.  Although the father never attended any counseling session, the mother completed the process.  As a result, the family court, following a review hearing on November 19, 2001, allowed her to take possession of her son, but enjoined her from allowing any unauthorized contact between the child and the father.  Several months later, on April 9, 2002, however, DSS determined unauthorized contact between the child and the father had occurred and removed the child from the mothers physical possession without resort to legal process.
In an order dated December 9, 2004, the family court found the best interests of the child required termination of the parental rights of both the mother and the father.  This followed findings that both the mother and father had willfully failed for a period in excess of six month to meet the conditions imposed by the court for them to visit the child and that the child had been in foster care for fifteen of the most recent twenty-two months.  The family court also found the father had failed to remedy the conditions that caused the childs removal and had failed to support the child for a period in excess of six months.  After the family court denied the mothers post-trial motion to alter or amend, the mother and the father filed separate appeals.[2]
1.       We find no error in the family courts determination that the removal by DSS of the child on April 9, 2002, which took place with neither a court order nor the assistance of law enforcement, did not violate South Carolina Code sections 20-7-480 et seq. (Supp. 2005).  DSS already had legal custody of the child by virtue of an earlier family court order dated December 10, 2001.  Although the latter order placed the child with the mother, it did not grant her legal custody of the child.[3]  Moreover, the family court in its December 10, 2001 order expressly authorized DSS to take whatever action they [sic] deem necessary for the immediate health and welfare of the child.
2.       We do not address the argument made by DSS that any issue regarding the removal of the child on April 9, 2002, is moot.
3.       We affirm the family courts finding that DSS did not violate the mothers right to due process.  As noted above, the family court awarded DSS custody of the child in its order dated December 10, 2001.  Furthermore, the family court, as the record demonstrates, afforded the mother several opportunities to be heard on the issue of custody.  Indeed, the mother appeared with counsel in court no less than four times to contest the question of the childs custody.  On two of these occasions, she consented to the child remaining in the custody of DSS.[4]  Moreover, although the mother could have appealed a permanency planning order issued by the family court on January 31, 2003, she did not avail herself of this procedure.[5]
4.       We uphold the family courts finding that DSS proved by clear and convincing evidence that the mother willfully failed to visit the child for a period in excess of six months when visitation was available to her upon satisfaction of reasonable conditions.  The record contains evidence to support this finding.[6]  The foster care worker assigned to the case testified agency rules required requests for visitation to be documented and she was unaware of any requests by the mother for visitation since April 9, 2002.
5.       The family court did not rule on the mothers argument questioning the constitutionality of South Carolina Code section 20-7-1572(8), which allows the termination of parental rights to serve the childs best interests if the child has been in State foster care for fifteen of the most recent twenty-two months.[7]  Although the mother moved to alter or amend the judgment, her motion does not raise this issue.  Under these circumstances, this court cannot address the constitutionality of section 20-7-1572(8).[8]
6.       We further hold the family courts application of section 20-7-1572(8) to terminate the mothers parental rights was proper notwithstanding the mothers remaining arguments, all of which concern numerous procedural delays and the lack of evidence of misconduct or parental unfitness on her part.  
Although several hearings scheduled after the childs second removal from the mothers home were continued, the postponements were ordered by the family court on its own motion.  There were no allegations that the delays resulted from dilatory tactics by DSS.  
As to the evidence concerning the mothers fitness as a parent, we find it significant that, whereas several of the other grounds for termination of parental rights require a finding of willful misconduct by the parent,[9] such a requirement is lacking in section 20-7-1572(8).  As this court recently stated, the purpose of [section 20-7-1572(8)] is to ensure children do not languish in foster care when termination of parental rights would be in their best interests.[10]  Because this section does not enumerate any factors that would militate against its application if the threshold requirement is satisfied, we hold the absence of fault on the parents part cannot prevent its use as a ground for termination.[11]
AFFIRMED.
GOOLSBY, HUFF, and STILWELL, JJ. concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  Counsel for the father filed an affidavit pursuant to Ex Parte Cauthen, 291 S.C. 465, 354 S.E.2d 381 (1987).  In his affidavit, counsel stated he reviewed the existing transcript and, coupled with his recollection and knowledge of the proceedings, believed the appeal lacks merit. The father filed no response to counsels affidavit.  We have determined from our own review of the entire transcript that there exists no meritorious issue regarding the family courts termination of the fathers parental rights to the child in question that warrants briefing and dismiss the appeal as to the father.  
[3]  See S.C. Code Ann. § 20-7-490(21) (Supp. 2005) (defining the term legal custody for the purposes of the Childrens Code to mean, among other things, the right to the physical custody, care, and control of a child and the right to determine where the child shall live).  
[4]  See S.C. Dept of Soc. Servs. v. Beeks, 325 S.C. 243, 246, 481 S.E.2d 703, 705 (1997) (The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.).
[5]  See Hooper v. Rockwell, 334 S.C. 281, 291, 513 S.E.2d 358, 364 (1999) ([A]ny order issued as a result of a merit hearing, as well as any later order issued with regard to a treatment, placement, or permanent plan, is a final order that a party must timely appeal.) (emphasis added).  We recognize the mothers concern that the permanency planning order may not have been ripe for appeal because it was at least arguable that there had never been a full merits on the matter; however, such a serious procedural defect, if applicable, should have provided an even greater incentive for an appeal.
[6]  See Cherry v. Thomasson, 276 S.C. 524, 525, 280 S.E. 2d 541, 541 (1981) (noting the standard of review in equity cases does not require [the appellate court] to disregard the findings below nor ignore the better vantage point the trial judge occupies in determining witness credibility).  
[7]  S.C. Code Ann. § 20-7-1572(8) (Supp. 2005).
[8]  See Noisette v. Ismail, 304 S.C. 56, 403 S.E.2d 122 (1991) (holding that, when the trial court does not explicitly rule on a question and the appellant fails to move under Rule 59(e), SCRCP, to alter or amend the judgment on that ground, the issue is not properly before the court of appeals and should not be addressed).
[9]  See, e.g., S.C. Code Ann. § 20-7-1572(3) (Supp. 2005) (regarding the parents failure to visit the child); id. § 20-7-1572(4) (regarding the parents failure to support the child); id. § 20-7-1572(9) (regarding physical abuse of the child by the parent); id. § 20-7-1572(10) (providing as a ground of termination of parental rights an adjudication that the parent murdered the childs other parent).
[10] Charleston County Dept of Social Servs. v. Jackson, Op. No. 4090 (S.C. Ct. App. filed March 6, 2006) (Shearouse Adv. Sheets at, 71, 84).  Unlike the parent is Jackson, the mother in the present case did not appeal the family courts finding that termination of her parental rights was in the childs best interest.
[11] In Jackson, the court further held it is the childs perspective, and not the parents, that we are concerned with when determining whether [section 20-7-1572(8)] has been met and concluded the letter of the law was met once Child resided in foster for fifteen of the last twenty-two months regardless of Fathers knowledge of Childs whereabouts.  Id. at 84. (emphasis added).  We note, however, this court in Jackson recognized there may be some instances where [section 20-7-1578(8)] would not support termination of parental rights despite the passage of a fifteen month stay in foster care.  Id. at 84 n.8 (quoting Justice Pleiconess concurring opinion in S.C. Dept of Soc. Servs. v. Cochran, 356 S.C. 413, 420, 589 S.E.2d 753, 756 (2003)).