The South Carolina Court of Appeals

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Suzette Roberts Sladek, Appellant,
v.
Gerard Robert Sladek, Respondent.
 
 
 

Appeal From Lancaster County
James A. Spruill, III, Family Court Judge

Unpublished Opinion No. 2006-UP-389
Submitted November 1, 2006  Filed December 5, 2006

AFFIRMED

 
 
 
James T. McLaren and C. Dixon Lee, III, both of Columbia, for Appellant.  
Thomas F. McDow, of Rock Hill, for Respondent.
 
 
 

PER CURIAM:  Suzette Sladek, Wife, appeals the family courts denial of her request for alimony, attorneys fees, and costs.  We affirm.[1]
FACTS
Gerard Sladek, age 57, and Wife, age 44, were married for almost eleven years.  One child, a daughter, was born of the marriage, and Wife had one son from a previous marriage.  The parties spent much of the marriage living in separate residences.  Wife had received substantial insurance proceeds from the death of her previous husband and had used those funds to build a home.  Wife and children lived in the house while Husband occupied a garage apartment adjacent to the main house.  Husband was retired from the Internal Revenue Service and received a monthly retirement benefit of $3,727.  Additionally, Husband was employed by the North Carolina Department of Revenue earning $4,000 per month.  Wife, a college graduate, worked part-time as a preschool program director earning $583 per month.  Wife also received $1,267 per month in dividends on non-marital investments.  
At some point in the summer of 2002, while on vacation, Husband and Wifes son were involved in an altercation.  Wife filed for divorce on July 30, 2002.  The family court denied Wifes request for alimony, stating she was capable of procuring higher paying, full-time employment.  The family court also denied Wifes request for attorneys fees and costs.  
STANDARD OF REVIEW
The decision to grant or deny alimony rests within the discretion of the family court judge.  Clardy v. Clardy, 266 S.C. 270, 273, 222 S.E.2d 771, 772 (1976).  The judges discretion, when exercised in light of the facts of each particular case, will not be disturbed on appeal absent abuse thereof.  Long v. Long, 247 S.C. 250, 252, 146 S.E.2d 873, 875 (1966).  An abuse of discretion occurs when the judge is controlled by some error law or where the order, based upon findings of fact, is without evidentiary support.  Stewart v. Floyd, 274 S.C. 437, 440, 265 S.E.2d 254, 255 (1980).
LAW/ANALYSIS
Wife asserts the family court erred in denying her alimony and attorneys fees and costs.  We disagree.  On the issue of alimony, she focuses exclusively on and claims error in the following three findings of fact made by the family court:  (1) There was no reason Wife could not earn entry-level college graduate income; (2) Husbands expenses exceed his income; and (3) Wife did not prove the breakup of the marriage was Husbands fault.  We shall address those issues seriatim.  
Since the parties married, Wife was a stay-at-home mother and later, part-time preschool director.  Her lack of recent college level employment may make it more difficult to obtain a higher paying position.  However, Wife does possess a college degree, and her children are older, attending public school, and arguably require less of her time.  Additionally, Wife testified she planned to pursue her teaching certification so that she would have the same hours as [her] children.  These additional credentials would enhance her employability.  The burden is upon the appellant to convince this Court that the trial judge erred in his findings of fact.  Cherry v. Thomasson, 276 S.C. 524, 525, 280 S.E.2d 541, 541 (1981).  Wifes assertions that it will be difficult to find suitable employment are not enough to meet this burden.  Because there is evidentiary support in the record for the courts ruling, we cannot conclude the family courts finding was error.
Wife also contends the court erred in concluding Husbands expenses exceeded his income.  Again, we turn to the record to see if this finding is supported by some evidence.  Husbands financial declaration states that his net monthly income is $5,001.74, and his monthly expenses are $9,005.  According to the declaration, Husband pays $2,000 per month to an adult emancipated daughter.  He further claims to pay $158 per month in real property taxes[2] and $90 per month in real property insurance, $500 in dental bills and $1,400 in child or spousal support.  Wife disputes all of these expenses, and Husbands own testimony calls the validity of these expenses as monthly obligations into question.[3]  However, the family court is in the better position to judge the credibility of witnesses and assign weight to their testimony.  Cherry at 525, 280 S.E.2d at 541.  Moreover, even if we completely remove the items Wife questions, Husbands expenses total almost $5,000 per month, primarily due to substantial credit card debt.  Based on the evidence in the record, we cannot conclude the family court abused its discretion in finding Husbands expenses exceed his income.
Finally, Wife argues the family court erred in determining Husband and Wife were equally responsible for the breakup of the marriage.  Wife testified that during the marriage Husband had disfavored her son and was often angry and rough with him.  In particular, there was an allegedly violent altercation between Husband and Wifes son during a family trip to Charleston.  Wife claims this incident was the straw that broke the camels back.  Wife further testified Husband had moved out of the bedroom of his own accord because they had a new baby, and eventually moved into the garage apartment because of the childrens noise and their early bedtime.  Husband testified he initially moved out because Wife had trouble sleeping well with another person in the bed.  He made the more permanent move to the garage apartment because Wife put stress on him at the end of the workday, and she wanted quiet for herself and the children to sleep when Husband desired to stay up later.  Wife admits the issue of fault raises the classic he said/she said situation.  As previously noted, it is for the family court to determine the credibility of the witnesses and make factual determinations based on their testimony.  Id.  The family court apparently gave more credence to Husbands version of events in Charleston, and in addition found that the marriage had essentially been dysfunctional from the beginning with Husband and Wife having separate residences.  Based on the foregoing, we cannot conclude the courts determination that the parties were equally at fault in disrupting the marriage was error.  
With respect to attorneys fees, the thrust of Wifes argument is that because she should prevail on the issue of alimony, she should, as a matter of course, be entitled to attorneys fees.  As previously discussed, we do not find error in the family courts rulings and therefore do not alter the outcome of the case.  Wife also asserts that the family court did not consider the Glasscock factors in denying her request.  See Glasscock v. Glasscock, 304 S.C. 158, 403 S.E.2d 313 (1991).  However, the Glasscock factors are only relevant in determining the amount of attorneys fees to be awarded.  Wife only appeals the fact that she was not awarded attorneys fees.  In determining whether to award attorneys fees, the court should consider each partys ability to pay his or her own fee; the beneficial results obtained by the attorney; the parties respective financial conditions; and the effect of the attorneys fee on each partys standard of living. 
Griffith v. Griffith, 332 S.C. 630, 645, 506 S.E.2d 526, 534 (Ct. App. 1998) (emphasis in original).  Here the record shows the family court considered these factors, and we can ascertain no abuse of discretion in its ruling.  
For all of the foregoing reasons, the decision of the trial court is  
 AFFIRMED.
GOOLSBY, STILWELL, and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] Wifes brief states that Husband claimed to pay $715 per month for real property taxes on the residence.  However, Husbands financial declaration lists an obligation of $158 per month for real property taxes.  We use the obligation shown on Husbands declaration in our analysis.  
[3] Husband paid his adult daughter a lump sum of $27,000 at the beginning of 2003 as part of a contempt action and apparently divided that sum into monthly payments over the year for purposes of his financial declaration.  Husband testified he paid $500 in January, February, and March of 2003 for dental expenses, and that it would take more work to get [his] mouth straightened out.  The taxes and insurance claimed related to Wifes non-marital home, which she would retain after the divorce.