THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina
 Department of Social Services, Respondent,
 v.
 Courtney M.,
 Rowland G., John Doe, Defendants,
 Of Whom
 Courtney M. is Appellant.
 In the interest
 of: I.M., a minor child under the age of 18.
 
 
 

Appeal From Oconee County
  Billy A. Tunstall, Jr. , Family Court
Judge

Unpublished Opinion No. 2009-UP-106
 Submitted February 2, 2009  Filed March
2, 2009    

AFFIRMED

 
 
 
 William Wallace Culp, III, of Greenville, for Appellant.
 Kimberly Renae Welchel, of Walhalla, for Respondent.
 Nathan Mather Clark, of Seneca, for Guardian Ad Litem.
 
 
 

PER CURIAM: Courtney
 M. appeals the family court's denial of
 her motion for continuance of a termination of parental rights hearing to have
 a guardian ad litem appointed.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Dep't of
 Soc. Servs. v. Powell, 278 S.C. 79, 79-80, 292 S.E.2d 299, 300 (1982) (stating if a person has never been determined incompetent by a court and the
 record raises serious questions concerning mental condition, the family court
 "should at the outset determine whether the party involved is sufficiently
 competent mentally to proceed without the appointment of a guardian ad litem"); Cherry v. Thomasson, 276 S.C. 524, 280 S.E.2d 541 (1981) (holding this
 court does not have to ignore the fact that the trial judge, who saw and heard
 the witnesses, was in a better position to evaluate their credibility and
 assign comparative weight to their testimony); Nasser-Moghaddassi v.
 Moghaddassi, 364 S.C. 182, 189-90, 612 S.E.2d 707, 711 (Ct. App. 2005)
 (explaining in appeals from the family court, this court may find facts in
 accordance with its own view of the preponderance of the evidence; however, the
 appellant is not relieved of her burden to convince this court the family court
 committed error); Bowers v. Bowers, 349 S.C. 85, 561 S.E.2d 610 (Ct. App.
 2002) (stating this court's broad scope of review does not require us to
 disregard the family court's findings).
AFFIRMED.
HEARN, C.J., CURETON, A.J., and GOOLSBY, A.J.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.