**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

South Carolina Department of Social Services,
Respondent,

v.

Rubi Bertaud-Cabrera, Appellant.

In the interest of minor children under the age of eighteen.

Appellate Case No. 2013-002064

Appeal From Charleston County
Paul W. Garfinkel, Family Court Judge

Unpublished Opinion No. 2014-UP-323
Submitted July 18, 2014 – Filed August 7, 2014

**AFFIRMED**

Benjamin Reynolds Elliott, of The Law Office of Stevens
B. Elliott, of Columbia, for Appellant.

Sally R. Young, of the South Carolina Department of
Social Services, of North Charleston, for Respondent.

Joshua Keith Roten, of Charleston, for Guardian ad Litem.

---

**PER CURIAM:** Rubi Bertaud-Cabrera (Mother) appeals the family court's termination of her parental rights (TPR) to her two minor sons (the children), arguing the family court erred in: (1) failing to make an independent finding that the statutory grounds for TPR were satisfied, (2) finding TPR was in the children's best interest, (3) finding she was afforded due process when the family court failed to appoint a guardian ad litem (GAL) to represent her and when the Department of Social Services (DSS) failed to personally serve her with the TPR complaint, and (4) stating it could not order reunification because the children had been in foster care for more than eighteen months.  We affirm.

The family court may order TPR upon finding one or more statutory ground is satisfied and TPR is in the best interest of the children.  S.C. Code Ann. § 63-7-2570 (2010 & Supp. 2013).  The grounds for TPR must be proven by clear and convincing evidence.  *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).  "In appeals from the family court, this [c]ourt reviews factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011).  Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, who saw and heard the witnesses, was in a better position to evaluate their credibility. *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 651-52 (2011).

## I.  Statutory Grounds

As to Issue 1, even if the family court erred in failing to make an independent finding that a statutory ground for TPR was met, we find clear and convincing evidence supports TPR.  A statutory ground for TPR is satisfied when "[t]he child has been in foster care . . . for fifteen of the most recent twenty-two months."  S.C. Code Ann. § 63-7-2570(8) (2010).  The DSS caseworker and the children's GAL testified the children were in foster care continuously from November 23, 2010, until the date of the TPR hearing, July 13, 2013.  During that time, Mother was convicted of harboring illegal aliens and aiding and abetting others in harboring illegal aliens.  She was incarcerated until February 2012, and upon her release from incarceration, she moved to Virginia.  In June 2012, Mother was voluntarily deported to Mexico.  Accordingly, we find clear and convincing evidence

demonstrates the children were in foster care for fifteen of the most recent twenty-two months at the time of the TPR hearing.

We also find clear and convincing evidence demonstrates Mother willfully failed to support the children.  A statutory ground for TPR is satisfied when "[t]he child has lived outside the home of either parent for a period of six months, and during that time the parent has wilfully failed to support the child.  Failure to support means that the parent has failed to make a material contribution to the child's care." S.C. Code Ann. § 63-7-2570(4) (2010).  "Material contribution is defined as either financial contributions according to the parent's means or contributions of food, clothing, shelter, or other necessities for the care of the child according to the parent's means."  *S.C. Dep't of Soc. Servs. v. Seegars*, 367 S.C. 623, 630, 627 S.E.2d 718, 722 (2006) (internal quotation marks omitted).  "[O]ccasionally providing [a] child with food, drinks, medicine, diapers, wipes, and toys [will] not be considered a material contribution."  *S.C. Dep't of Soc. Servs. v. M.R.C.L.*, 393 S.C. 387, 394, 712 S.E.2d 452, 456 (2011).  There is no evidence Mother provided any support for the children despite the fact she received a monthly income while working in Mexico.  Therefore, we find clear and convincing evidence demonstrates the children lived outside Mother's home for over six months and Mother willfully failed to support them.[1]

## II.  Best Interest

As to Issue 2, we find clear and convincing evidence demonstrates TPR is in the children's best interest.  "The purpose of [the TPR statute] is to establish procedures for the reasonable and compassionate [TPR] where children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption . . . ."  S.C. Code Ann. § 63-7-2510 (2010).  In a TPR case, the best interest of the child is the paramount consideration.  *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000).  "The interest[] of the child shall prevail if the child's interest and the parental rights conflict."  S.C. Code Ann. § 63-7-2620 (2010).  "Appellate courts must consider the child's perspective, and not the parent's, as the primary concern

---

[1] Although the family court also ordered TPR because Mother failed to visit the children under section 63-7-2570(3) of the South Carolina Code (2010), we do not reach that ground because only one statutory ground, along with a finding of best interest, is necessary to order TPR.  *See* S.C. Code Ann. § 63-7-2570.

when determining whether TPR is appropriate." *S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 343, 741 S.E.2d 739, 749-50 (2013). "The termination of the legal relationship between natural parents and a child presents one [of] the most difficult issues this [c]ourt is called upon to decide." *S.C. Dep't of Soc. Servs. v. Cochran*, 364 S.C. 621, 626, 614 S.E.2d 642, 645 (2005). "We exercise great caution in reviewing termination proceedings and will conclude termination is proper only when the evidence clearly and convincingly mandates such a result." *Id.*

The DSS caseworker and the children's GAL both testified TPR was in the children's best interest. They stated the children's physical, educational, emotional, and social needs were being met by the foster family and the children had bonded with the foster family. The DSS caseworker and the children's GAL also indicated the children identified the foster parents as their mother and father. Conversely, the children's GAL testified that when the children were taken into emergency protective custody, they had medical problems as a result of Mother's neglect. The DSS caseworker testified Mother did not represent a safe placement for the children and posed the same risk to the children as she did before they entered emergency protective custody. She also stated she did not observe a bond between the children and Mother during Mother's visits in 2012. Additionally, the record demonstrates the children have never met their family members living in Mexico. Therefore, we find clear and convincing evidence establishes TPR is in the children's best interest.

## III. Due Process

As to Issue 3, we find Mother was afforded due process. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *S.C. Dep't of Soc. Servs. v. Holden*, 319 S.C. 72, 78, 459 S.E.2d 846, 849 (1995) (internal quotation marks omitted). "Due process does not mandate any particular form of procedure. Instead, due process is a flexible concept, and the requirements of due process in a particular case are dependent upon the importance of the interest involved and the circumstances under which the deprivation may occur." *Id.* (internal quotation marks omitted).

Mother argues she was denied due process when the family court failed to appoint a GAL to represent her. "A person imprisoned outside [South Carolina] shall appear by [GAL] in an action by or against [her] . . . ." Rule 17(c), SCRCP. "While the language of Rule 17(c) does not expressly so provide, it is clear from

applicable case law that the right to appearance by [GAL] is not absolute." *McCuen v. McCuen*, 348 S.C. 179, 182, 558 S.E.2d 926, 928 (Ct. App. 2002). "The basis for the appointment of a [GAL] for a prison inmate is not mental deficiency, but the physical restraint of imprisonment. Since this is true, an inmate may waive the appointment of a [GAL]." *Id.* (internal quotation marks omitted). In *McCuen*, this court explained Rule 17(c)'s use of the phrase "shall appear by [GAL]" "does not signify that a prisoner's right to a [GAL] cannot be waived." *Id.* at 183-84, 558 S.E.2d at 929. Here, Mother was not incarcerated at the time of the TPR hearing; instead, she was voluntarily deported to Mexico and was unable to attend the TPR hearing. As a result, we analyze Mother's right to the appointment of a GAL as if she was incarcerated outside of South Carolina under Rule 17(c), SCRCP. Mother never filed a motion in the family court seeking appointment of a GAL. Additionally, Mother was represented by an attorney at all stages of this case, and her attorney cross-examined the State's witnesses and the children's GAL and introduced evidence on her behalf. Therefore, we find Mother waived her right to the appointment of a GAL. *See id.* at 183, 558 S.E.2d at 928 (finding a wife imprisoned outside of South Carolina waived her right to appointment of a GAL when she was represented by counsel at all stages of the proceedings and failed to move for the appointment of a GAL until the day of the final hearing).

Additionally, Mother argues she was denied due process when DSS failed to personally serve her with the TPR complaint. "A summons and petition for [TPR] must be filed with the court and served on . . . the parents of the child . . . ." S.C. Code Ann. § 63-7-2550 (Supp. 2013). "Voluntary appearance by [a] defendant is equivalent to personal service . . . ." Rule 4(d), SCRCP. We find Mother's attorney's voluntary appearances throughout the case and at the TPR hearing satisfied the service requirement found in section 63-7-2550.

## IV.  Reunification

As to Issue 4, "[i]f the [family] court finds that no ground for termination exists and the child is in the custody of [DSS], the order denying termination must specify a new permanent plan for the child or order a hearing on a new permanent plan." S.C. Code Ann. § 63-7-2580(B) (2010). "If the [family] court determines . . . an additional permanency hearing is not needed, the court may order [] the child returned to the child's parent if the parent has counterclaimed for custody and the court determines that the return of the child to the parent would not cause an unreasonable risk of harm to the child's life, physical health or safety, or mental well-being." S.C. Code Ann. § 63-7-2580(C)(1) (2010). We find the

family court erred in stating it could not reunify the children with Mother after the children had been in foster care for eighteen months; however, we conclude the family court's statement did not prejudice Mother because nothing in the record indicates the family court's decision not to reunify the children with Mother was predicated on the fact that the children had been in foster care for over eighteen months.  Instead, the family court ordered TPR because three statutory grounds for TPR were satisfied and TPR was in the children's best interest.

Based on the foregoing, the decision of the family court is

**AFFIRMED.**[2]

**FEW, C.J., and SHORT and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.