**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wanda Gambrell, Respondent,

v.

Christopher A. Smith, Appellant.

Appellate Case No. 2015-000988

Appeal from Anderson County
Robin B. Stilwell, Circuit Court Judge

Unpublished Opinion No. 2017-UP-143
Submitted January 1, 2017 – Filed April 5, 2017

**AFFIRMED**

William Norman Epps, III, of Epps, Nelson, Epps &
Perkins, of Anderson, for Appellant.

John S. Nichols, of Bluestein Nichols Thompson &
Delgado, LLC, of Columbia; and James Stephen Welch,
of McGowan Hood & Felder, LLC, of Anderson, for
Respondent.

**PER CURIAM:** Christopher A. Smith appeals the trial court's order denying his
motion to alter or amend the court's order granting Wanda Gambrell relief in the

amount of $20,000 for breach of contract.  On appeal, Smith argues the trial court erred in finding the contract was not void from its inception or void ab initio; alternatively, Smith argues if the contract was not void ab initio and illegal, the trial court erred in finding Smith failed to prove breach of contract with fraudulent intent.  Finally, Smith argues the trial court erred in finding Smith failed to demonstrate Gambrell negligently misrepresented material information.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in finding the contract was not void ab initio: *Butler Contracting, Inc. v. Court St., LLC*, 369 S.C. 121, 127, 631 S.E.2d 252, 255-56 (2006) ("[T]he trial court's findings of fact will not be disturbed on appeal unless wholly unsupported by the evidence or unless it clearly appears the findings were influenced or controlled by an error of law."); *McCall v. IKON*, 380 S.C. 649, 658, 670 S.E.2d 695, 700 (Ct. App. 2008) ("[Q]uestions concerning credibility and the weight to be accorded evidence are exclusively for the trial court."); Rule 52(a), SCRCP ("In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon . . . ."); *In re Treatment & Care of Luckabaugh*, 351 S.C. 122, 131, 568 S.E.2d 338, 342 (2002) ("The rule is directorial in nature so 'where a trial court substantially complies with Rule 52(a) and adequately states the basis for the result it reaches, the appellate court should not vacate the trial court's judgment for lack of an explicit or specific factual finding.'" (emphasis removed) (quoting *Noisette v. Ismail*, 304 S.C. 56, 58, 403 S.E.2d 122, 123 (1991))); *White v. J.M. Brown Amusement Co.*, 360 S.C. 366, 372, 601 S.E.2d 342, 345 (2004) (finding a contract was void when the subject matter of the underlying contract became illegal); *Nelson v. Bryant*, 265 S.C. 558, 561, 220 S.E.2d 647, 648 (1975) ("[I]f there is an independent contract, not forbidden by law, on which the action is brought, the independent contract is enforceable even though it be with respect to the proceeds of an illegal transaction.").

2.  As to whether the trial court erred in finding Smith failed to prove breach of contract with fraudulent intent: *Harper v. Ethridge*, 290 S.C. 112, 119, 348 S.E.2d 374, 378 (Ct. App. 1986) ("In order to state a claim for breach of contract accompanied by a fraudulent act, the plaintiff must plead facts establishing three elements: (1) a breach of contract; (2) fraudulent intent relating to the breaching of the contract and not merely to its making; and (3) a fraudulent act accompanying the breach."); *McCullough v. Am. Workmen*, 200 S.C. 84, 20 S.E.2d 640, 644

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

(1942) ("[I]n an action for fraudulent breach of contract, the plaintiff must show that the fraudulent act complained of accompanied the breach.").

3.  As to whether the trial court erred in finding Smith failed to demonstrate Gambrell negligently misrepresented material information: Rule 52(a), SCRCP ("In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon . . . ."); *Luckabaugh*, 351 S.C. at 131, 568 S.E.2d at 342 ("The rule is directorial in nature so 'where a trial court substantially complies with Rule 52(a) and adequately states the basis for the result it reaches, the appellate court should not vacate the trial court's judgment for lack of an explicit or specific factual finding.'" (emphasis removed) (quoting *Noisette*, 304 S.C. at 58, 403 S.E.2d at 123)); *Harrington v. Mikell*, 321 S.C. 518, 521-22, 469 S.E.2d 627, 629 (Ct. App. 1996) ("If the damage alleged is a pecuniary loss, the plaintiff must allege and prove . . . the defendant owed a duty of care to see that he communicated truthful information to the plaintiff . . . ."); *AMA Mgmt. Corp. v. Strasburger*, 309 S.C. 213, 223, 420 S.E.2d 868, 874 (Ct. App. 1992) ("There is no liability for casual statements, representations as to matters of law, or matters which [the] plaintiff could ascertain on his own in the exercise of due diligence."); *id.* ("[I]f the defendant has a pecuniary interest in making the statement and he possesses expertise or special knowledge that would ordinarily make it reasonable for another to rely on his judgment or ability to make careful enquiry, the law places on him a duty of care with respect to representations made to [the] plaintiff."); *Harrington*, 321 S.C. at 522, 469 S.E.2d at 629 ("Reliance can be justified only if the relationship of the parties is such that the defendant occupies a superior position to the plaintiff with respect to knowledge of the truth of the statement made."); *id.* ("However, there can be no reasonable reliance on a misstatement if the plaintiff knows the truth of the matter.").

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**